**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BERNSTEIN-BURKLEY, P.C.,

    Appellant,

v.                                                Case No: 8:14-cv-700-T-30
                                                      Bankruptcy Case No: 1-12-bk-19111-KRM

CAROLYN R. CHANEY,

    Appellee.

## ORDER

This is an appeal from an Order of the Bankruptcy Court disallowing Bernstein-Burkley, P.C.'s Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b).  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).  The facts in this appeal are not in dispute, only legal conclusions are at issue.  This Court reviews legal conclusions *de novo*.  *Whaley v. Tennyson (In re Tennyson)*, 611 F. 3d 873 (11th Circuit 2010).  Appellant also claims the Bankruptcy Court abused its discretion in making equitable determinations.  This Court reviews those conclusions on an abuse of discretion standard.  *Bakst v. Wetzel (In re Kingsley)*, 518 F. 3d 874 (11th Circuit 2008).

### Factual Background

Dan Mathis, Jr. hired Bernstein-Burkley, P.C. to pursue recovery of a vintage 1960 Corvette.  Bernstein filed a complaint in replevin on behalf of Mathis in the United States District Court for the Middle District of Pennsylvania.  After the filing of the replevin

action, Mathis filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code. Mathis did not tell Bernstein about the bankruptcy filing and Bernstein received no notice of it. Likewise, Mathis did not disclose the replevin action or his interest in the Corvette on his bankruptcy schedule. Carolyn Chaney, Esquire, was appointed to serve as trustee in Mathis' bankruptcy case. Since neither the petition nor the financial schedule disclosed the federal replevin action or Mathis' ownership interest in the Corvette, the trustee originally issued a Report of No Distribution on January 25, 2013. Mathis received a discharge on April 2, 2013, and the bankruptcy case was closed.

Subsequently, the trustee learned of the federal action and Mathis' claimed interest in the Corvette, and sought to reopen the bankruptcy case. The case was reopened on June 13, 2013, and Chaney was again appointed to administer the estate. On June 3, 2013, Chaney contacted Bernstein about the pending federal action. Bernstein, knowing nothing of the bankruptcy action prior to that time, had continued to prosecute the replevin action and successfully preserve Mathis' claim to the Corvette by:

(1) obtaining an injunction,

(2) conducting numerous depositions in and out of Pennsylvania,

(3) defeating a motion for summary judgment, and

(4) otherwise diligently prosecuting the claim.

On June 18, 2013, the trustee filed an Application to approve the engagement of Allan Watkins, Esquire, as trustee's counsel and to represent the estate in the litigation pending in Pennsylvania. The trustee's Application to Employ Counsel was approved without hearing on June 19, 2013.

2

On June 21, 2013, Bernstein filed a motion for reconsideration of the Bankruptcy Court's Order approving the Trustee's Application to Employ Counsel. Bernstein argued that the employment of Watkins as trustee's counsel was not in the best interest of the bankruptcy estate, but rather Bernstein, who had substantial knowledge of the pending litigation, should be appointed. The motion for reconsideration was denied on August 6, 2013. Neither the trustee nor trustee's counsel ever entered an appearance in the pending federal action nor substituted for Bernstein as counsel of record. Instead, the trustee decided to sell the estate's claim to the Corvette and let the buyer pursue the Pennsylvania federal action.

On August 7, 2013, the trustee filed a Motion to Sell Property of the Estate. On August 28, 2013, Bernstein filed an Objection to the Trustee's Sale Motion contending that the motion failed to provide sufficient evidence that the proposed sale was designed to obtain the maximum value of the Corvette. A hearing on the Trustee's Sale Motion was held on September 10, 2013, and the Bankruptcy Court heard arguments from Bernstein and other creditors about the adequacy of the sale price. On September 24, 2013, the Bankruptcy Court entered an Order Granting Trustee's Motion to Sell Property of the Estate authorizing the trustee to sell the estate's interest in the pending federal action. The estate's interest was sold for $25,000.

On October 10, 2013, Bernstein filed a petition for leave to withdraw as counsel in the Pennsylvania federal action. On October 29, 2013, the District Court in the Middle District of Pennsylvania entered an Order Granting Bernstein's Petition for Leave to Withdraw as Counsel.

On November 18, 2013, Bernstein filed in the bankruptcy case his Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) in the total amount of $111,783.26 for his post-petition hourly fees and expenses incurred in the federal action. That amount was comprised of attorneys' fees of $100,420.18 and out-of-pocket expenses of $11,363.08.

On December 9, 2013, the trustee filed an Objection to Application for Allowance and Payment of Administrative Expense Claim. The trustee argued that Bernstein was not entitled to payment of his asserted administrative claim because: (1) Bernstein was never employed as counsel for the trustee, and (2) Bernstein did nothing to enhance the value of the estate.

A hearing on the Application was held on January 14, 2014. The Bankruptcy Court denied Bernstein's Application.

## **Discussion**

Bernstein contends the Bankruptcy Court erred in disallowing his administrative claim because 11 U.S.C. § 503(b) is not an absolute ban against the allowance of an administrative claim for directly benefiting a debtor's bankruptcy estate. He argues that he recovered for the estate what amounts to a concealed asset, to wit: the claim to the Corvette which was sold for $25,000. Bernstein asserts that without his active preservation of this claim in federal court in Pennsylvania, the estate's claim would have been lost.

The trustee contends that Bernstein's argument fails because he is required to have Court approval for his services to be entitled to compensation under 11 U.S.C. § 503(b)(3)

4

and (4). And, the trustee argues, Bernstein's actions were unnecessary because once the bankruptcy petition was filed, the automatic stay would have made all actions in the federal Pennsylvania action void as to the claim of the estate.

The Court turns first to the statute in question, 11 U.S.C. § 503(b)(3) and (4) which states:

> (b) after notice and a hearing, there should be allowed administrative expenses, other than claims allowed under § 502(f) of the title, including –
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
>   (A) a creditor that files a petition under section 303 of this title;
>
>   (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
>
>   (C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;
>
>   (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee, appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
>
>   (E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian; or
>
>   (F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee;
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

This appeal focuses on § 503(3)(B) and, in particular, its phrase "after the Court's approval." Bernstein contends that these words do not constitute "an absolute ban." He points to the case of *In re George*, 23 BR 686 (Bankr. S.D. Fla. 1982), where a party not appointed by the Court was allowed an administrative claim because it recovered the lone asset of the estate. He contends that, like the party in *George*, he preserved the only asset in Mathis' estate and should be compensated accordingly.

Courts have not been uniform in resolving this issue. As Judge Williamson said in *In re Engler*, 500 BR 163 (M.D. Fla 2013):

> So the real issue before the Court, then, is whether the petitioning creditors can recover their post-petition fees as an administrative expense under § 503(b)(3)(B) without first obtaining court approval. The majority of courts hold that a creditor cannot recover fees under § 503(b)(3)(B) for actions taken without prior court approval. Those courts generally rely on the plain language of the statute. A minority of courts, however, recognize that prior court approval is ordinarily required but nevertheless allow creditors to recover fees as an administrative expense absent prior court approval under exceptional circumstances. According to those courts, it is unfair to deny creditors compensation for work that resulted in a substantial benefit to the estate, and denying compensation would having a chilling effect on creditor participation in bankruptcy proceedings. The Court adopts the majority view requiring prior court approval for three reasons.

*Id.*, 500 BR 163, 171-172. Judge Williamson's three reasons for following the majority view of requiring court approval were:

(1)   court approval is consistent with the plain meaning of the statute,

(2)   prior court approval is consistent with Congressional intent gleaned from the legislative history, and

6

(3) prior Court approval promotes an important public policy – to ensure that the actions taken by creditors are necessary and not duplicative of work performed by the trustee.

While this Court agrees with Judge Williamson that the majority view is the better view, a resolution of this issue is not necessary in deciding this appeal. As the trustee points out in her brief, upon Mathis filing his bankruptcy petition, his interest in the Corvette became property of the bankruptcy estate. The suit in Pennsylvania was subject to the automatic stay pursuant to 11 U.S.C. § 362(a)(1) which stays all judicial actions against a debtor. The stay continues in effect until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Undisclosed property remains property of the estate even after the estate is closed. *In re Muhlig*, 494 BR 755 (Bankr. S.D. Fla. 2013). Any action by the federal court divesting the estate of its claim in the Corvette would have been voidable. Therefore, Bernstein's actions were not necessary to preserve the estate's claim to the Corvette. He did not "recover" an asset for the estate.

Bernstein is correct that it seems unfair for him to have done all of this work and expend the out-of-pocket expenses that he did, but not be compensated. But this Court's duty is to follow the law, not be lured by the temptation to balance fairness. It may be some consolation, however small, to note that Bernstein is not entirely without remedy since his fees and costs were incurred post-petition and are not discharged.

It is therefore ORDERED AND ADJUDGED that:

1. The Order of the Bankruptcy Court disallowing Bernstein-Burkley, P.C.'s Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) is AFFIRMED.

2. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of July, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
U. S. Bankruptcy Court Judge K. Rodney May
Counsel/Parties of Record

F:\Docs\2014\14-cv-700 bk appeal.docx